**AKERMAN LLP**
JONATHAN TURNER (SBN 320614)
*jonathan.turner@akerman.com*
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Samual A. Miller (*Pro Hac Vice* application forthcoming)
*samual.miller@akerman.com*
420 South Orange Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610

Attorneys for Plaintiff
IFCO Systems US, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IFCO SYSTEMS US, LLC, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. CONVERSION;** |
| UNLIMITED PLASTICS, INC. | **2. DECLARATORY JUDGMENT; AND** |
| Defendants. | **3. CIVIL THEFT** |

Plaintiff IFCO Systems US, LLC ("Plaintiff" or "IFCO"), through its undersigned counsel, files this Complaint against Unlimited Plastics, Inc. ("UP" or "Defendant").

## PARTIES

1.      IFCO is a Delaware Limited Liability Company with its principal address at 3030 North Rocky Point Drive, Suite 300, Tampa, Florida  33607-5903.  IFCO is wholly owned by IFCO US Holding LLC, which is a Delaware Limited Liability Company with its principal address at 3030 North Rocky Point Drive, Suite 300, Tampa, Florida  33607-5903.  IFCO US Holding LLC is wholly owned

**COMPLAINT**

76780459;1

*(left margin vertical text)* AKERMAN LLP — 633 WEST FIFTH STREET, SUITE 6400 — LOS ANGELES, CALIFORNIA 90071 — TEL.: (213) 688-9500 – FAX: (213) 627-6342

by IFCO Zweite Holding GmbH,[1] a German company located at Zugspitzstr. 7 82049, Pullach i. Isartal, Bayern Germany.

2.    According to the California Secretary of State's office, UP is a business entity having a principal address at 425 S. Rancho Ave, Colton, California 92324 and which conducts business in the state of California.  Also according to the California Secretary of State's office, UP's registered agent is Guillermo Rodriguez with an address of 425 S. Rancho Ave, Colton, California 92324.

### JURISDICTION AND VENUE

3.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount of controversy exclusive of interest and costs exceeds $75,000.

4.    Venue is proper in this judicial district because it is the place of Defendant's principal place of business and it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5.    All conditions precedent to bringing this Civil Action have been performed or have occurred.

### FACTUAL BACKGROUND

### Containers and Commerce

6.    As produce, meats, eggs, etc. move in commerce from their growers and producers to distributors, wholesalers, and finally to retailers, where they are made available for purchase by the average consumer, corrugated cardboard or reusable plastic containers are used for purposes of hauling, loading and unloading, and storing those goods.

7.    In general, when corrugated cardboard is used, the corrugated cardboard for such activities is bought by growers and producers who place their product in the corrugated cardboard. The growers and producers then sell their product, along with the corrugated cardboard, to their

---

[1] *See IL Ventures, LLC v. Factory 14 Uk Acquisition VI, Ltd,* No. 1-23-CV-749-DII, 2023 WL 8723227 (W.D. Tex. Dec. 1, 2023)(A "private limited company is a juridical person, like a corporation, as it has its own legal personality with various registration and reporting requirements.")(*citing Brink's Co. v. Chubb European Grp. Ltd.*, No. 3:20-CV-520-HEH, 2020 WL 6829870, at *5-6 (E.D. Va. Nov. 20, 2020)(internal citations omitted).

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

distributors, wholesalers, or retailers.  Those recipients then dispose of the corrugated cardboard through either general trash or recycling.

8.    The strength of any container for shipping goods and products is crucial to its usefulness.  Containers that are not of adequate strength are prone to break because of the constant handling within the supply chain by growers, producers, distributors, wholesalers, and retailers.  Such breakage often results in damage to the goods being transported and, at times, injuries to the individuals working with or around the container.

## IFCO RPCs

9.    To solve the problems of strength, durability, and environmental concerns arising from one-time use of corrugated cardboard, many growers and producers, distributors, wholesalers, and retailers are using and/or insisting on the use of reusable plastic containers owned by IFCO ("IFCO RPCs").

10.    IFCO RPCs are not only stronger than corrugated cardboard, but result in more efficient handling and use of space as well as a reduction in product damage and food waste.

11.    IFCO RPCs use fewer natural resources than disposable alternatives throughout their lifecycle, from the energy and materials used in their manufacture, through cleaning and repair to eventual recycling.  And because IFCO RPCs perform better in transit – stacking securely and maintaining their structural rigidity – IFCO RPCs offer indirect environmental benefits, too.  Less food is wasted, so less energy and resources are required to replace damaged stock.

12.    IFCO is the leading provider of IFCO RPCs that are used for fresh products including fruits and vegetables, meat, eggs, and bananas.  By partnering with leading growers, producers, and retailers, IFCO helps to create one of the world's most cost-effective and sustainable supply chains.

13.    Instead of purchasing corrugated cardboard for each shipment, growers and producers can lease IFCO RPCs from IFCO as part of a national RPC pool.  IFCO, which operates out of service centers across the United States, leases its IFCO RPCs pursuant to its form of Master Rental Agreement.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

14. Through IFCO's national RPC pool, growers and producers are able to ship goods and products in uniform, high quality IFCO RPCs owned and maintained by IFCO.

15. IFCO has invested significant resources in maintaining superior, reliable, and safe IFCO RPCs.

16. The IFCO RPCs are made of plastic and at the end of an IFCO RPC's life, which usually does not occur until well over 100 re-uses and cycles, IFCO is able to recycle that RPC in order to have more IFCO RPCs manufactured. Because IFCO owns the IFCO RPCs, IFCO is the only individual or entity with a right to engage in such recycling activity of IFCO RPCs.

17. The IFCO RPC pool rental system involves the shared use of high quality IFCO RPCs by multiple customers or users. Although there are variations, the following is a general explanation of how the system works: IFCO leases its IFCO RPCs to growers and producers who use the IFCO RPCs as a container for the transportation of goods and products to their distributors or retailers. The distributors, if that is the immediate destination, in turn use the IFCO RPCs within their distribution system until the original grower's or producer's product is emptied from the RPC. The empty IFCO RPCs are then set aside for return to or collection by IFCO. At IFCO service centers across the country, the empty IFCO RPCs are inspected, cleaned, and (if necessary) repaired and then sent back to growers or producers to repeat the cycle.

18. IFCO's unique system, where high quality IFCO RPCs are constantly maintained, controlled, tracked, and reused, benefits the entire supply chain. Growers and producers receive consistent, high quality IFCO RPCs, reduced container expense, reduced transportation costs, and reduced product damage. Distributors and retailers benefit from faster loading and unloading, reduced product damage, and reduced expense.

19. IFCO's system also removes costs and environmental burdens associated with waste disposal. IFCO RPC materials that are no longer usable are mostly recycled.

20. Given these benefits, it is not surprising that IFCO's RPC pool has been popular with all participants in the supply chain. IFCO has invested millions of dollars to maintain and supplement its RPC pool.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO.:

76780459;1

21.  ***IFCO never sells its IFCO RPCs***.  The success – indeed the existence – of IFCO's RPC pool rests on the fundamental principle that IFCO maintains ownership over all of its IFCO RPCs, which permits IFCO to inspect its IFCO RPCs regularly to ensure that they continue to meet IFCO's high and consistent quality and strength standards.

22.  IFCO's agreements with growers and producers expressly provide that IFCO owns the IFCO RPCs and that the IFCO RPCs may never be bought and/or sold.  All IFCO RPCs have distinctive colors and are inscribed with IFCO's logo.

23.  Pursuant to its Master Rental Agreement, IFCO always retains absolute ownership of all of its IFCO RPCs.

24.  The leasing process begins with IFCO entering into an agreement with a grower or producer in need of IFCO RPCs.

25.  Before a lessee (*i.e.*, grower or producer) can ship its product in an IFCO RPC to a downstream entity, that lessee must first obtain approval from IFCO.

26.  IFCO typically charges growers and producers a rental fee on each IFCO RPC delivered to such grower or producer.  In this manner, IFCO has created a "leasing pool" of IFCO RPCs.

27.  IFCO makes a concerted effort to track the flow of its IFCO RPCs.  A large number of IFCO employees are dedicated in whole or in part to the protection, recovery, and retrieval of IFCO RPCs, including logistics managers and coordinators, asset recovery managers and representatives, and office-based analysts and administrative personnel.

28.  In particularly egregious cases, IFCO pursues legal action, both in cooperation with governmental enforcement authorities and independently, to protect, recover and retrieve its IFCO RPCs. In visiting an entity with which it does not have a contractual relationship, such as recycler, IFCO will make overtures to that entity to consider entering into an agreement with IFCO.

29.  The approximate cost to manufacture each IFCO RPC is currently $ 7.24 per RPC.

### Defendant's Conversion of IFCO RPCs

30.  UP is a plastics grinder and recycling facility with a location at 425 S. Rancho Ave, Colton, California 92324.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

31.     Trendz Plastics, LLC ("Trendz") is a repairer of plastic products, regularly including IFCO RPCs.

32.     UP and IFCO have a legitimate, long-standing, and ongoing business relationship through which UP performs grinding and recycling services for IFCO.  As part of those legitimate business relationship, UP has always paid IFCO directly for any grinding and recycling services related to IFCO RPCs.  Through this legitimate business relationship, UP has actual knowledge of IFCO's sole and exclusive ownership of IFCO RPCs.

33.     However, through investigation conducted by IFCO, IFCO learned that Trendz and UP were part of a confederation of other, bad actors converting and misappropriating IFCO RPCs and their component parts.  The conduct of the individuals and entities involved have resulted in significant losses to IFCO.

34.     Specifically, IFCO and Trendz have a contract whereby Trendz was contracted to repair and return IFCO RPCs and/or component parts to IFCO.

35.     However, IFCO discovered through its investigation that Trendz, its employee Samantha Grant, its owner and principal Scott Deley, and/or others working in concert, began converting IFCO RPCs.[2]

36.     Trendz operates two locations -- one in San Antonio, Texas and another in Redlands, California.  Trendz and IFCO entered a contract for Trendz to provide RPC repair services at both locations.

37.     Instead of repairing and returning the IFCO RPCs and/or component parts to IFCO, Trendz, Deley, Trendz's now-former employee Grant, and/or others working in concert, effectuated the conversion of IFCO RPCs.

38.     To dispose of the converted property, Trendz, Deley, Grant, and/or others working in concert sold IFCO RPCs and/or component parts to Unlimited Plastics from Trendz's Redlands,

---

[2] IFCO filed a complaint initiating a civil action in the United States District Court for the Western District of Texas on April 14, 2024, captioned *IFCO Systems US, LLC v. Trendz Plastics, LLC, et al.*, Case No.: 1:24-cv-00420.

COMPLAINT

CASE NO.:

76780459;1

California facility. Specifically, Grant, at Deley's direction, arranged for the sales of IFCO RPCs and/or component parts to Unlimited Plastics, and possibly others.

39.     Upon information and belief, UP illegally and unauthorizedly ground the stolen IFCO RPCs down for personal commercial use.

40.     Due to the clearly identified markings on the RPCs stating that the RPCs were property of IFCO, UP was aware that the stolen RPCs that UP was purchasing were IFCO property.

41.     Further, due to IFCO and UP's business relationship, UP had clear knowledge that the converted IFCO RPCs were solely and exclusively IFCO property and that IFCO is the only entity with a right to engage in such recycling activity of IFCO RPCs.

42.     Despite this knowledge, UP circumvented IFCO and purchased the stolen IFCO RPCs from third-parties, including Trendz, and issued payment to Trendz Plastics, LLC, or individuals and entities related to Trendz Plastics, LLC (*e.g.*, Metaphor Investments, LLC) for the stolen IFCO RPCs. That UP was not paying IFCO directly for the IFCO RPCs to be ground and recycled should have been a "red flag" to UP.

43.     Upon information and belief, UP had clear knowledge that purchase or possession of the stolen RPCs was illegal and unauthorized before, during, and after obtaining the stolen RPCs and grinding them down for personal commercial use.

## CAUSES OF ACTION

### COUNT I – CONVERSION

44.     IFCO repeats and hereby incorporates in this cause of action the foregoing paragraphs as though set forth fully herein.

45.     IFCO owns the IFCO RPCs at issue and has the right of immediate possession of said personal property.

46.     At the time Defendant came into possession of the IFCO RPCs, Defendant did not own the IFCO RPCs and did not have any lawful right to possess the IFCO RPCs. Defendant acquired possession of the IFCO RPCs unlawfully and wrongfully.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

76780459;1

47.    Defendant has taken IFCO RPCs and continues to exercise wrongful dominion and/or control over those IFCO RPCs, despite Defendant's knowledge it does not have any ownership rights with respect to IFCO RPCs and does not have any right to possession of IFCO RPCs.

48.    Defendant's actions are inconsistent with IFCO's ownership of IFCO RPCs.

49.    IFCO has suffered injury and has been damaged by Defendant's continued actions with respect to IFCO RPCs.

50.    Defendant engaged in these actions against IFCO knowingly, intentionally, maliciously, and with blatant and reckless disregard for IFCO's rights.

WHEREFORE, Plaintiff IFCO respectfully requests the Court enter a Final Judgment in Plaintiff IFCO's favor and against Defendant:

i.    Granting the amount of damages suffered as well as any interest arising therefrom;

ii.    Issuing a permanent injunction (a) against any further possession or destruction of IFCO RPCs without prior written permission from IFCO; and (b) mandating that Defendants return to IFCO any IFCO RPCs currently in their possession; and

iii.    Granting such other and further relief as the Court deems just and proper.

## COUNT II - DECLARATORY JUDGMENT

51.    IFCO repeats and hereby incorporates in this cause of action the foregoing paragraphs as though set forth fully herein.

52.    This is an action for, among other things, declaratory relief.

53.    IFCO takes the position that the IFCO RPCs are solely and exclusively IFCO's property and that Defendant does not have any ownership or other rights to the IFCO RPCs.

54.    Upon information and belief, Defendant takes the position that they own and may exercise of dominion and control over the IFCO RPCs or their component parts that Defendant may receive.

55.    There is an actual, bona fide, practical, and present need for a declaratory relief and a continuing controversy between the parties regarding their respective rights and obligations.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO.:

76780459;1

56.     In light of the foregoing, IFCO is entitled to the declaratory relief sought herein because, inter alia, (i) there is a present controversy based upon the facts alleged above; (ii) IFCO's rights are dependent upon the facts alleged above; (iii) Defendant has an actual, present, adverse, and antagonistic interest in this matter; (iv) all antagonistic and adverse interests are before the Court by proper process; and (v) the issues raised by IFCO are not propounded from curiosity and the relief sought is not merely the rendering of legal advice by the Court.

57.     There is a bona fide need for a declaration based on present, ascertainable facts.

58.     Absent the issuance of declaratory relief, IFCO will be irreparably injured.

WHEREFORE, Plaintiff IFCO respectfully requests that the Court enter a judgment in its favor and against Defendant:

i.      Declaring that IFCO has sole and exclusive ownership over the IFCO RPCs and that Defendant does not have any right to possess, own, use, destroy, or transfer any IFCO RPC; and

ii.     Awarding IFCO such other relief, including any supplemental relief (in the form of a permanent injunction and continuing writ of sequestration and possession), and as the Court deems just and proper.

## COUNT III - CIVIL THEFT

59.     IFCO repeats and hereby incorporates in this cause of action the foregoing paragraphs as though set forth fully herein.

60.     IFCO owns the IFCO RPCs at issue and has an immediate possessory right of said personal property.

61.     At the time Defendant came into possession of the IFCO RPCs, Defendant did not own the IFCO RPCs and did not have any lawful right to possess the IFCO RPCs. Defendant acquired possession of the IFCO RPCs unlawfully and wrongfully.

62.     Defendant has taken IFCO RPCs and exercised wrongful dominion and/or control over those IFCO RPCs, despite Defendant's knowledge it does not have any ownership rights with respect to IFCO RPCs and does not have any right to possession of IFCO RPCs.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

63. Defendant's actions are inconsistent with IFCO's ownership of IFCO RPCs.

64. IFCO has suffered injury and has been damaged by Defendant's continued actions with respect to the IFCO RPCs.

65. Defendant engaged in these actions against IFCO knowingly, intentionally, maliciously, and with blatant and reckless disregard for IFCO's rights.

WHEREFORE, Plaintiff IFCO respectfully requests the Court enter a Final Judgment in Plaintiff IFCO's favor and against Defendant:

i.      Granting the amount of damages suffered as well as any interest arising therefrom;

ii.      Issuing a permanent injunction (a) against any further possession or destruction of IFCO RPCs without prior written permission from IFCO; and (b) mandating that Defendants return to IFCO any IFCO RPCs currently in their possession; and

iii.      Granting such other and further relief as the Court deems just and proper.

76780459;1

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PRAYER**

IFCO respectfully requests that it be awarded a judgment against Defendant for the following:

    a.   a permanent injunction enjoining Defendant from continuing to wrongfully destroy, use and possess IFCO RPCs;

    b.   a declaratory judgment that IFCO has sole and exclusive ownership over IFCO RPCs and IFCO does not owe Defendant any sum of money;

    c.   a writ of possession against Defendant for return of any and all stolen or converted property of IFCO;

    d.   actual damages and exemplary damages;

    e.   punitive damages;

    f.   pre-judgment and post-judgment interest along with Court costs;

    g.   attorneys' fees; and

    h.   such other and further relief as the Court deems just and proper.

Dated:  August 9, 2024              **AKERMAN LLP**

By:_____

                       Jonathan M. Turner
                       Samual A. Miller [3]

                   Counsel for Plaintiff IFCO Systems US, LLC

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

[3] A *pro hac vice* application for Mr. Miller will be filed promptly.